IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. DUNMORE,<br><br>        **Plaintiff,**<br><br>v.<br><br>NICHOLAS R. LAMB,<br>FAIYAZ AHMED, CLANDIA DOWTY,<br>SHERRY COLLINS, V. SHAH, and<br>CHRISTINE BROOKS,<br><br>        **Defendants.** | Case No. 3:18-CV-731-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Gilbert C. Sison (Doc. 102), which recommends the undersigned grant the motions for summary judgment on the issue of exhaustion of administrative remedies filed by Defendants Sherry Collins and Christine Brooks (Doc. 36), Defendant Nicholas Lamb (Doc. 39), Defendant Faiyaz Ahmed (Doc. 61), and Defendants Claudia Dowty and Vipin Shah (Doc. 98).[1]

Plaintiff James Dunmore filed this 42 U.S.C. § 1983 action on January 2, 2018, claiming that Defendants violated his constitutional rights while he was incarcerated at Lawrence Correctional Center (Doc. 1). After threshold review of his Complaint under 28 U.S.C. § 1915A, Dunmore was permitted to proceed on an Eighth Amendment deliberate indifference claim, a civil conspiracy claim, and an Illinois state law claim for

---

[1] The Clerk of Court is **DIRECTED** to correct Defendants Claudia Dowty and Vipin Shah's names on the docket as reflected in this paragraph.

intentional infliction of emotional distress (Doc. 11).

Defendants subsequently moved for summary judgment arguing that Dunmore failed to exhaust his administrative remedies prior to filing suit. On July 19, 2019, Judge Sison entered a Report and Recommendation agreeing with Defendants. Judge Sison found that while Dunmore filed grievances, he did not exhaust the appeal process before he filed this lawsuit on January 2, 2018.

Objections to the Report and Recommendation were due August 5, 2019, but Dunmore filed a motion for extension of time to object (Doc. 105). The Court granted the motion and gave Dunmore until September 10, 2019, to file any objections (Doc. 106). Dunmore ultimately did not object to the Report and Recommendation.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). But, where neither timely nor specific objections to the Report and Recommendation are made, this Court should only review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has reviewed Judge Sison's Report and Recommendation for clear error. Following this review, the Court agrees with his findings, analysis, and conclusions. Accordingly, the Court **ADOPTS** Judge Sison's Report and Recommendation in its entirety (Doc. 102).

The motions for summary judgment on the issue of exhaustion of administrative remedies filed Defendants Sherry Collins and Christine Brooks (Doc. 36), Defendant Nicholas Lamb (Doc. 39), Defendant Faiyaz Ahmed (Doc. 61), and Defendants Claudia Dowty and Vipin Shah (Doc. 98) are **GRANTED**. This entire case is **DISMISSED without prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: September 25, 2019

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**